UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK FORNEY, | Civil Action No. 15-7146 (FLW) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| CHARLES ELLIS, WARDEN, et al., | |
| Respondents. | |

This matter having come before the Court on Petitioner's submission of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), and his application to proceed *in forma pauperis*. The Court grants Petitioner's application to proceed *in forma pauperis*. The Court must now screen the Petition and dismiss it if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable to § 2241 through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).[1] For the reasons set forth herein, the Court dismisses the petition; and in light of the dismissal, the Court also dismisses Petitioner's motion for a disposition of his Petition (ECF No. 2) as moot.

Petitioner is a pretrial detainee at Mercer County Jail and is attempting to bring a constitutional challenge under § 2254 regarding allegedly excessive bail. Petitioner contends

---

[1] Petitioner brings this Petition for a Writ of Habeas Corpus as a *pro se* litigant. A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721–22 (3d Cir. 1989).

that he was arrested by Trenton Police on drug and gun charges and that he has been confined at Mercer County Jail for five months on $150,000 bail. (ECF No. 1, Petition at 6-7.) Petitioner contends that his bail has not been reduced at any of his bail hearings. (*Id.*) Petitioner further contends in his Petition that the excessive bail violates the Eighth Amendment. (*Id.*) Petitioner states in his Petition that he has not exhausted his state court remedies because he has not been brought before a judge and because his court date keeps being delayed. (*Id.* at 7, 17.) He contends that this delay is nearing a speedy trial violation under the Sixth Amendment, but he does not appear to allege that a speedy trial violation has occurred. (*Id.* at 7.) Petitioner seeks an Order from this Court directing the Superior Court of New Jersey to (1) give him a bond bail and (2) reduce the allegedly excessive bail imposed on him. (*Id.* at 19.) Petitioner further seeks to have his constitutional claims heard in this Court. (*Id.*)

Petitioner has brought his habeas petition under 28 U.S.C. § 2254. Because he is seeking pretrial relief, it is more appropriate to characterize it as a habeas petition under 28 U.S.C. § 2241. *See Moore v. De Young*, 515 F.2d 437, 441–42 (3d Cir.1975); *see also Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) ("[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who is in custody in violation of the Constitution or laws or treaties of the United States."); *see also Carstarphen v. Camden Cty. Corr. Facility Warden*, No. CIV. 14-4596 RBK, 2014 WL 4723150, at *2 (D.N.J. Sept. 19, 2014); *Avila v. New Jersey*, No. 07–3387, 2007 WL 2682937, at *4 n. 4 (D.N.J. Sept.6, 2007).

For state prisoners, federal habeas corpus is substantially a post-conviction remedy, *Moore v. DeYoung*, 515 F.2d at 441-42 (citing *Peyton v. Rowe*, 391 U.S. 54, 60, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1967)). Although "district courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state

court," *see Moore*, 515 F.2d at 441–42, "that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445–46). Thus, the Third Circuit has held that jurisdiction without exhaustion of state court remedies should not be exercised at the pre-trial stage unless extraordinary circumstances are present. *See id.*

With this framework and these cases in mind, this Court now looks to Petitioner's arguments to determine whether he has exhausted state court remedies on the merits or has demonstrated extraordinary circumstances. Here, Petitioner acknowledges in his Petition that he has not exhausted his state court remedies because he has not been brought before a judge and his court date has been delayed. The Court finds that this allegation coupled with Petitioner's claim that state officials have set an excessive bail fail to qualify as extraordinary circumstances warranting pre-exhaustion habeas corpus relief. *See Duran*, 393 F. App'x. at 4 (affirming dismissal of § 2241 petition alleging that petitioner was subjected to warrantless arrest, was detained without probable cause hearing, <u>and that state court had imposed excessive bail</u>); *see also McWhite v. Cohen*, No. CV 15-6702 (JBS), 2015 WL 5996296, at *2 (D.N.J. Oct. 14, 2015) (excessive bail not extraordinary circumstance justifying pretrial habeas relief). Because Petitioner also appears to raise a speedy trial issue, the Court further notes that in *Moore*, the Third Circuit held that there was nothing in the nature of the speedy trial right to qualify it as a *per se* extraordinary circumstance that warranted dispensing with the exhaustion requirement. *See* 515 F.2d at 445-46 (explaining that Petitioner's speedy trial claims will still be available to him "as an affirmative defense at trial and thereafter, on appellate review").

Therefore, Petitioner has not made the showing of extraordinary circumstances necessary to justify this Court's intervention before the state courts have had an opportunity to consider his claims. This action appears to be an attempt by petitioner to litigate constitutional claims prematurely in federal court. *See Duran*, 393 F. App'x at 4 (citing *Moore*, 515 F.2d at 445). The proper procedure is for petitioner to exhaust his constitutional claims before all three levels of the New Jersey state courts. "Once [Petitioner] has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." *Moore*, 515 F.2d at 449. As Petitioner's claims are not properly brought before this Court at this time, the Petition shall be dismissed without prejudice. An Appropriate Order follows.

/s/      Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.

Date: January 8, 2016